IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| HARVEST INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>THE PHOENIX INSURANCE COMPANY aka TRAVELERS,<br><br>Defendant. | Case No. 5:21-cv-04018<br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

Defendant, The Phoenix Insurance Company ("Phoenix") (sued as "The Phoenix Insurance Company aka Travelers")[1], hereby gives notice of the removal of this action pursuant to 28 U.S.C. § 1441 *et seq.* and Local Rule 81. Removal is in accordance with 28 U.S.C. § 1441 *et seq.*, as this Court would have had diversity jurisdiction over this action under 28 U.S.C. § 1332(a). In support of its Notice of Removal, Phoenix states as follows:

1. Plaintiff, Harvest International, Inc., commenced a civil action on March 5, 2021, captioned *Harvest International, Inc. v. The Phoenix Insurance Company aka Travelers,* in the Iowa District Court for Buena Vista County, Case No. LACV033982 (the "State Court Action").

2. Phoenix has reviewed the state court's docket and determined that the following attached process and pleadings have been filed:

- Civil Original Notice
- Petition for Declaratory Judgment
- Plaintiff's First Amended Petition
- Appearance (Brenda K. Wallrichs)

---

[1] The Phoenix Insurance Company issued the insurance policy at issue in this dispute, and no other entity affiliated with The Travelers Companies Inc. is a party to this action.

1

3. Plaintiff served Phoenix with copies of Plaintiffs' Petition at Law in the State Court Action on March 8, 2021. In accordance with 28 U.S.C. § 1446(b), Phoenix timely filed this Notice of Removal within 30 days of its receipt of Plaintiffs' Petition.

4. In the State Court Action, as set forth in the First Amended Petition, Plaintiffs claim that Phoenix breached commercial insurance policies issued to Plaintiff by failing to defend and indemnify Plaintiff for one claim of misappropriation of trade secrets and failure to pay royalties, one claim of alleged damage to a planter bar, and one claim of alleged crop damage and by further failing to pay claimed business interruption loss.

5. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 for the reasons set forth below:

   a. **Complete diversity exists**. The following statements were true on <u>both</u> the date that Plaintiffs filed their Petition (March 5, 2021) and the date that Phoenix filed its Notice of Removal (April 7, 2021):

   1. The Plaintiff is an Iowa corporation with its registered office in Buena Vista County, Iowa. (Plaintiffs' First Amended Petition, ¶ 1).

   2. Defendant Phoenix is incorporated in Connecticut with its principal place of business in Connecticut, and therefore, is a citizen of the State of Connecticut. *See* 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of the state of its incorporation and the state of its principal place of business).

   b. **The amount in controversy exceeds $75,000.00.** Based on the content of Plaintiff's First Amended Petition, Phoenix believes in good faith that the amount in controversy exceeds $75,000.00, exclusive of costs and interest. Phoenix satisfies its burden to prove that the amount in controversy exceeds $75,000.00 even though an amount of compensatory damages is

not specified in Plaintiff's Petition. *See Kaufman v. Costco Wholesale Corp.*, 571 F.Supp.2d 1061, 1063 (D. Minn. 2008) (*citing In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003) (Where the Plaintiff does not allege a specific amount in the complaint, the removing party bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00)).

The amount in controversy is measured by the "value to the plaintiff of the right sought to be enforced." *Advance Am. Servicing of Ark. V. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008). *See also Hatridge v. Aetna Cas. & Surety Co.*, 415 F.2d 809, 815 (8th Cir. 1969) (the amount in controversy is the amount that the complainant seeks to recover or the sum that defendant will lose if the complainant wins the suit). In other words, the amount in controversy is the amount that Plaintiff will seek from a jury.

Plaintiff will likely seek an amount greater than $75,000.00 in this case. Plaintiff seeks indemnification for four separate claims:

1) infringement of trade secrets and failure to pay royalties on farm equipment;

2) damage to a customer's planter;

3) damage to a customer's land and crops; and

4) business interruption losses.

With respect to just one of the four cited claims, Plaintiff's counsel has represented to Phoenix that the claim involves property damage in the amount of $50,000. *See* December 28, 2020 letter from Attorney Brett Osborn attached hereto as Exhibit A. Plaintiff additionally seeks defense costs and expenses for at least one of those claims, the infringement/failure to pay royalties claim which is the subject of Case No. 1:20-cv-14 pending in the United State District

3

Court for the Southern District of Iowa. It also seeks damages for alleged bad faith. Therefore, the amount in controversy is at least $75,000 exclusive of interest and costs.

Phoenix reserves the right to amend and/or supplement this Notice of Removal.

WHEREFORE, the Defendant, The Phoenix Insurance Company, hereby removes the State Court Action pending as Case No. LACV033982 in the Iowa District Court for Buena Vista County to this Honorable Court.

**LEDERER WESTON CRAIG PLC**

By  /s/ *Brenda K. Wallrichs*
   Brenda K. Wallrichs AT0008203
   118 Third Avenue SE, Suite 700
   P. O. Box 1927
   Cedar Rapids, IA  52406-1927
   Phone:  (319) 365-1184
   Fax:   (319) 365-1186
   E-mail:  bwallrichs@lwclawyers.com

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2021, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Northern District of Iowa, Western Division, using the ECF system which will send notification of such filing to the following:

   Brett T. Osborn
   ABBOTT OSBORN JACOBS PLC
   Email: bosborn@midwestlawgroup.com
   ATTORNEYS FOR PLAINTIFF

Executed this 7th day of April, 2021.

        /s/  Brenda K. Wallrichs

# ABBOTT OSBORN JACOBS PLC
## ATTORNEYS AT LAW

**Partners**

KEVIN V. ABBOTT †
BRETT T. OSBORN †★
TIMOTHY J. JACOBS † *

PATRICK S. BUTLER ‡
KATIE J. HARTUNG †
KAILEY GRAY †

974 - 73rd Street Ste. 20
West Des Moines, Iowa 50265

Phone: (515) 223-6000
Fax: (515) 223-6011
www.midwestlawgroup.com

kgray@midwestlawgroup.com

★ Licensed in Texas
† Licensed in Iowa
‡ Licensed in Missouri
* Licensed in Nebraska

December 28, 2020

Sabrina Thornsbury
sthornsb@travelers.com

Re: Property Damage Claim

Ms. Thornsbury,

    Harvest International hereby makes its final demand for Travelers Insurance to provide coverage for an occurrence when a Planter Bar owned by a customer, Bruce Beeker, was damaged at our facilities when handling the equipment as well as the property damage losses incurred during the policy period when a customer, L&J Naeger Farms, LLC, claimed a loss as a result of a malfunction or defect in a planter bar which caused damage to his property and crop damage. There is a claim for property damage in the amount of $50,000.00 for the property damage to that planter bar. These claims have been previously presented to Travelers. Travelers has covered similar losses in the past, however, Travelers has denied each and every claim made during this policy period (04-02-2019 – 04-02-2020). There has been a definite and distinct pattern of conduct by Travelers to deny coverage without a reasonable basis for such denials. Travelers policy provides coverage for these losses and Travelers must provide coverage where applicable pursuant to Harvest International's insurance policy.

    To the damage to the customers planter bar that was damaged during handling, pursuant to Coverage provided by the Deluxe Property Coverage Form (DX T1 00 11 12) Section A(1)(b)(3),(4), and Section A(1)(c) this was either Stock or Property Owned by the insured prior to shipment or was in fact Personal Property of Others and was damaged by the insureds negligent acts or omissions. There is clearly coverage for this loss and this type of loss has been previously covered by Travelers but was declined without investigation or a reasonable basis. It is hereby demanded that coverage be provided for this loss. Information that was previously supplied to Travelers by my client is attached hereto for your convenience and review. A demand for payment from Harvest International for this loss recently received from Bruce Beeker's attorney is attached hereto.

    As to the damage caused by the malfunctioning or defective planter bar that caused physical damage and crop damage to a customer, this too is a covered loss that has had prior coverage but was met by a rubber stamp denial from Travelers this policy year. The Commercial General

Liability Coverage Form policy provides coverage for this Loss. The policy states that a claim for property damage will be covered and defended if the property damage results from "'property damage' is caused by an "occurrence" that takes place in the "coverage territory". See Commercial General Liability Coverage Form Section I (1)(b)(1) (CG T1 00 02 19). There is no applicable exclusion to this coverage. Information on this loss as previously provided to Travelers is attached on Exhibit B for your convenience and review.

The applicable policy provisions must be construed in favor of coverage for the insured and there are no applicable exclusions which would provide a reasonable basis for Travelers to deny coverage of these losses. *United Fire & Cas. Co. v. Victoria*, 576 N.W.2d 118, 121 (Iowa 1998). Harvest International makes a final written demand that Travelers review the coverage of these losses. If Travelers continues to refuse its contractual obligations owed to its insured, and deny these claims without a reasonable basis, Harvest International will be forced to pursue a breach of contract and/or bad faith insurance claim against Travelers.

Sincerely,

ABBOTT OSBORN JACOBS PLC

By: *[signature]*

Brett T. Osborn



**Dickmann Reason Bogigian & White**

Jason C. White, CPWA, JD
Craig L. Martin, JD
Robert G. Bogigian, JD
Of Counsel
Roger Reason, JD
Of Counsel
George P. Dickmann, JD
(1923-1985)
George F. Dickmann, JD
(1888-1972)

17 N. Pennsylvania St.
Greenfield, IN 46140

Phone: 317-462-1401
Fax: 317-462-1970

www.drbwlaw.com

December 28, 2020

Attn: Dustin Freison
Harvest International, Inc.
Storm Lake, IA 50588

Re: Bruce Beeker Planter purchase

Dear Mr. Freison:

I represent Bruce Beeker. Mr. Beeker purchased a 2020 Harvest International Planter 24R/20" from your company on or around December 20, 2019. The purchase price was approximately $203,901.

It is my understanding that this planter was damaged at some point before being delivered to my client and that there was a significant delay in the normal delivery time. It is also my understanding that you have acknowledged these facts with my client.

Although my client appreciates your efforts to rectify the situation, your recent offer of a $5000 refund and an additional one year warranty on the planter is unsatisfactory to him. Based on the total cost of the product, the potential for significant future repairs, and all of the time and trouble my client has encountered attempting to resolve this issue with you, your offer is almost laughable.

<u>Please let this letter serve as notice to you of my client's demand for a $50,000 refund of his purchase price for the planter and an extension of the planter's warranty by one additional year from your normal manufacturer's warranty.</u> We are giving you until January 15, 2021 to respond to our offer of settlement before we pursue legal action in our local courts.

Mr. Beeker was very eager to give your "smaller" company a chance to earn his future business, but based on the experience he's had thus far, he will not be able to do further business with your company, nor recommend you to any of his many colleagues in the farming industry. We are hopeful we can come to a satisfactory resolution of this issue for both parties and that Mr. Beeker can again feel good about doing business with you and your company.

Regards,

Jason C. White